***E-FILED - 11/25/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | NO. C-06-04791-RMW |
|---|---|
| Plaintiff/Respondent, | Related Criminal Case: CR-03-20110 |
| v. | ORDER RE § 2255 MOTION |
| JOSUE TORRES, | |
| Defendant/Movant. | |

Josue Torres has moved to reduce his sentence by a motion pursuant to 28 U.S.C. § 2255. He claims his counsel was ineffective for failing to properly advise him of the requirements for the application of the "safety valve" provisions of U.S.S.G. §§ 5C1.2 and 2D1.1(b)(6) and by failing to move for a reduction in his offense level based upon said provisions. The court has reviewed Torres's motion, the government's reply, Torres's traverse brief and Torres's motion for summary judgment. The court hereby denies the motion.

On July 16, 2004 Torres pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). On November 29, 2004 he was given a statutory minimum sentence of 120 months of imprisonment. Torres appealed his sentence but the Ninth Circuit dismissed the appeal because Torres had agreed in his plea agreement to waive his right to appeal. On August 7, 2006 Torres filed his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 claiming that his trial counsel was ineffective

1  because she "gave conflicting advice, and did not know the proper procedure for Mr. Torres to
2  qualify for a two-level decrease under the safety valve provision . . . " and that he "met all of the
3  requirements under the safety valve. . . ."  Memo Brf. 4.
4       Torres claims he had a meeting with the Assistant United States Attorney and with a DEA
5  agent and told them everything in regards to his offense." *Id.*  He also alleges that his trial counsel
6  told him that "to qualify for a reduction under the 'safety valve" . . . he would have to testify against
7  other individuals, and assist law enforcement." *Id.* at 4.  Torres asserts that his counsel was
8  ineffective because she told him that total cooperation with the government was necessary for the
9  safety valve and because she never argued for a safety valve adjustment at sentencing.
10      The government responds by providing the declaration of trial counsel, Michelle Spencer, in
11 which she explains what she told Torres that he had to do to take advantage of the safety valve and
12 contrasted that with the cooperation needed if he wanted to try and get a downward departure based
13 upon substantial assistance.  Trial counsel further stated that Torres refused to give the government
14 any information about his offense and confided to her that "it was a matter of 'honor' to him not to
15 provide . . . (information concerning the drug trafficking activities of his associates)."  Spencer decl.
16 3:3-12.
17      Special Agent Hilda Morejon of the DEA by declaration states that she met with Torres,
18 AUSA Glang and Spencer on April 24, 2004 at the request of Spencer so that Torres could hear
19 directly from the prosecutor what would be required of him to qualify for the benefits of the safety
20 valve or to get the government to move for a departure for substantial assistance.  Morejon's
21 declaration is unclear whether Glang distinguished what would be needed for each but she declares
22 that Torres provided no information.
23      The test for evaluating whether counsel was ineffective is set forth in *Strickland v.*
24 *Washington*, 466 U.S. 668 (1984).  The movant must establish that: (1) counsel's representation "fell
25 below an objective standard of reasonableness," and (2) that such performance prejudiced the
26 defendant.  *Id.* at 688.  To establish prejudice the petitioner "must show that there is a reasonable
27 probability that, but for counsel's unprofessional errors, the result of the proceedings would have
28 been different.  A reasonable probability is a probability sufficient to undermine confidence in the

ORDER
NO.  CR-03-20110-RMW

outcome." *Id.* at 694.  There is a strong presumption "that counsel's conduct falls within the wide range of professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002).    Trial counsel declares under oath that she advised Torres of both the requirements for application of the safety valve and about the possibility of cooperating and getting a departure for substantial assistance.  Torres, in contrast, makes general, ambiguous allegations about the allegedly inadequate advice he was given.  He never states under oath specifically what he told the government or was prepared to tell.  In his memorandum brief filed with his motion he states: "Mr. Torres had a meeting with the AUSA in this case, and also with the DEA in charge, told them everything in regards to his offense, and all relevant conduct in regards to his case."  Memo at 4.  In his traverse brief, he says he was prepared to go forward with a proffer but then when he arrived at a meeting with the AUSA and case agent he refused to talk about other people unrelated to the instant offense or talk about drug use outside the scope of his indictment and plea agreement.  He does not say whether he gave any information about the offense to which he had pled guilty.  Both the agent and his attorney say under oath that he refused to give any information.  His trial counsel declares that Torres repeatedly told her throughout her handling of the case that he would not provide any information to the government about drug trafficking activities of his associates.  "In this regard, Mr. Torres stated that it was a matter of "honor' to him not to provide such information and further that he had a fear of retribution against both himself and his family members should the fact that he provided information to DEA ever become known outside of law enforcement circles."  Decl. Spencer at 3:9-12.

Even if Torres did not fully understand the distinction between what was required for getting the benefit of the safety valve and what he needed to do to get a downward departure for cooperation, there is no evidence, as opposed to unsworn conclusory argument, that he was prepared to give information about the participants in the conspiracy offense to which he pled guilty.  To meet the requirements for the safety valve a defendant needs to truthfully give whatever he knows about the involvement of other participants.  *See United States v. Miller*, 152 F.3d 957, 961 (9th Cir. 1998); *United States v. Stephenson*, 452 F.3d 1173, 1180 (10 th Cir. 2006).  Since Torres has not

provided evidence that he was willing to provide the required information, he was not prejudiced by any unclear advice.

More critical, however, is that given the lack of any sworn statement relating both the specifics of what Torres claims he was told and the contents of any proffer, the court does not have evidence that presents a genuine dispute between the parties as to what Torres was advised by his counsel and the prosecutor or whether he proffered any information. Torres has failed to establish that any advice by his trial counsel fell below the standard of care. The only evidence shows she properly advised Torres.

Ths instant case is similar to *Sepulveda v. United States*, 69 F.Supp. 2d 633 (D. New Jersey 1999), in which the court held:

> In the face of the detailed facts adduced in the submissions by the government, we find that petitioner's vague and conclusory allegations to the contrary are patently inadequate. Accordingly we find that defense counsel did discover and advise petitioner of the potential availability of safety valve relief from the five-year mandatory minimum if he qualified under USSG § 5C1.2, and we hold that counsel's performance was not deficient under the first prong of the *Strickland* test. 466 U.S. at 687, 104 S.Ct. 2052. For the same reason, we hold that no evidentiary hearing is required in order to further test those allegations.

69 F.Supp.2d at 640; *see also Perez v. Rosario*, 459 F.3d. 943, 950-51 and 54 (9th Cir. 2006) (evidentiary hearing not necessary where evidence flimsy and hearing would involve unnecessary costs). The court concludes that Torres is not entitled to an evidentiary hearing and that his motion should be, and is hereby, denied.

Dated: November 24, 2008

_____
Ronald M. Whyte
United States District Judge

ORDER
NO. CR-03-20110-RMW

Copy of Order Mailed to:

John Glang, AUSA
Office of the United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113

Josue Torres, Pro Se
Reg. #99950-111
Federal Prison Camp
USP Atwater
P.O. Box 019001
Atwater, California 95301

ORDER
NO.  CR-03-20110-RMW